UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| v. | : | |
| JC STAMPS, | : | VIOLATION: |
| | : | 18 U.S.C. § 664 |
| Defendant. | : | (Theft from an Employee Benefit Plan) |
| | : | |
| | : | FORFEITURE: |
| | : | 18 U.S.C. § 982(a)(7); 21 U.S.C. § 853(p) |

INFORMATION

The United States Attorney informs the Court that:

Case 1: 14-CR-123
Assigned to: Chief Judge Richard W. Roberts
Assigned Date: 06/09/2014
Description: Information (A)
Case Related to: 1:11-CR-307-RWR

COUNT ONE
(Theft from an Employee Benefit Plan)

Introduction

At all times material to this Information:

1. The National Union of Protective Services Associations ("NUPSA") was a labor organization based in Washington, D.C., that represented private security guards.

2. Defendant JC Stamps ("STAMPS") founded NUPSA in or about 2003, and initially served as its primary officer and sole employee.

3. Defendant STAMPS was a fiduciary and had decision-making authority with respect to NUPSA. Defendant STAMPS was an agent and representative of NUPSA and therefore occupied a position of trust in relation to NUPSA and its members as a group, as defined in 29 U.S.C. § 501(a).

4. Labor Consultants, Inc. ("LCI") was a corporation, founded by defendant STAMPS in

1

2006, in Washington, D.C., that entered into a contract with NUPSA in 2006, to provide services including negotiating collective bargaining agreements ("CBAs"), settling and litigating grievances, and providing any administrative support that NUPSA required.

5. Defendant STAMPS owned and controlled LCI beginning in 2006, and was responsible for directing and providing all services by LCI to NUPSA and the NUPSA health and welfare and retirement plans.

6. The NUPSA and Employers Health and Welfare Fund ("NUPSA Health and Welfare Fund" or "the Fund") was an employer-funded employee health and welfare plan established and maintained by NUPSA and employers of security guards through collective bargaining. Collective bargaining agreements signed by NUPSA and such employers required the employers to contribute a fixed amount to the NUPSA Health and Welfare Fund on behalf of each security guard member of NUPSA in their employ for each hour worked subject to the agreement.

7. Defendant STAMPS was a trustee of the NUPSA Health and Welfare Fund.

8. The NUPSA Health and Welfare Fund was an "employee benefit plan," subject to the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and a "health care benefit program" as defined in 18 U.S.C. § 24.

9. On or about November 18, 2005, defendant STAMPS opened a SunTrust checking account (Account No. XXXXXXXXX8275) ("NUPSA Health and Welfare Fund SunTrust Bank Account") at SunTrust Bank in Washington, D.C., on behalf of the NUPSA Health and Welfare Fund with himself and Person A as signatories to the account.

10. Employers who were required to make contribution to the NUPSA Health and Welfare Fund delivered those contributions to defendant STAMPS by U.S. Mail or private mail carrier. Defendant STAMPS or one of LCI's employees were supposed to deposit those contributions in

the NUPSA Health and Welfare Fund SunTrust Bank Account. The monies held in the NUPSA Health and Welfare Fund SunTrust Bank Account were assets of the NUPSA Health and Welfare Fund.

11. Between in or about December 2006, and in or about October 2008, defendant STAMPS did embezzle, steal and unlawfully and willfully abstract and convert to his own use and the use of others, the money, funds, credits, property and assets of the NUPSA Health and Welfare Fund, an employee welfare benefit plan subject to Title I of ERISA, and of a fund connected with such a plan, to wit: a total of at least $86,170.23 from the NUPSA Health and Welfare Fund SunTrust Bank Account.

12. Specifically, on or about October 8, 2008, in the District of Columbia, defendant STAMPS did embezzle, steal and unlawfully and willfully abstract and convert to his own use and the use of others, the money, funds, credits, property and assets of the NUPSA Health and Welfare Fund, an employee welfare benefit plan subject to Title I of ERISA, and of a fund connected with such a plan, to wit: approximately $14,809.73 in a payment from the NUPSA Health and Welfare Fund SunTrust Bank Account to American Express.

**(Theft from a Benefit Plan, Causing an Act to be Done, Aiding and Abetting, in Violation of Title 18, United States Code, Sections 664 and 2)**

## FORFEITURE ALLEGATION

1. Upon conviction of the offense alleged in Count One, defendant STAMPS shall forfeit to the United States, property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 982(a)(7). The United States will seek a forfeiture money judgment in the amount of $84,745.23.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

defendant STAMPS shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 982(a)(7), and Title 21, United States Code, Section 853(p))**

RONALD C. MACHEN JR.
United States Attorney for the
District of Columbia

By: *[signature]*
ELLEN CHUBIN EPSTEIN
DC Bar #442861
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202) 252-1773
Ellen.Chubin@usdoj.gov